## J. S. PRICE *v.* JOHN RODMAN.

[Abstract Kentucky Law Reporter, Vol. 2—213.]

**Recovery on Indemnity Contract.**

One can not recover on a written obligation delivered to one person to be delivered to another as indemnity to him for signing a note where there is nothing in the obligation to show that the signer of the note received it as collateral. The court can not gather the intention of the parties from that which does not appear in the obligation.

**Rule of Construction of Contract.**

While it is the purpose in construing a written contract to arrive at the intention of the parties to it, such intention must be gathered from the writing itself.

APPEAL FROM FRANKLIN CIRCUIT COURT.

February 3, 1881.

OPINION BY JUDGE COFER:

The paper sued upon contains no direct undertaking to any designated person. Upon its face it appears to be an agreement between the obligors and Dr. Price, or between the signers themselves. If it were intended as an agreement between Price and the obligors, it would not be claimed that an action could be maintained for its breach; and if it be an agreement between the obligors, of course neither Price nor Scott, nor both together, can recover on it.

But it is alleged that Scott agreed to become bound on the consolidated note on condition that those who were bound on the notes to be consolidated would indorse other notes for equal amounts, to be used to take up the consolidated note in case Price was unable to pay the calls upon it; that the defendants were notified of that fact and entered into the writing sued upon, and delivered it to Price, to be by him delivered to Scott, to secure and save him harmless from loss by reason of his becoming bound as Price's surety on the consolidated note; that Price delivered the writing to Scott, who, in consideration of the covenants contained therein, signed the consolidated note.

These allegations show that in point of fact the obligors made the writing and delivered it to Price, to be delivered to Scott as indemnity to him, and that he signed the consolidated note relying

upon the writing for indemnity. But except the fact that the appellee and others signed the writing, all these allegations are outside of it, and we are called upon to gather the intention of the obligors, not from the writing, but from facts outside of it. It can not be gathered from the writing that Scott had or was intended under any circumstances to have any interest in it.

As already said, the writing upon its face seems to have been entered into between Price and the obligors themselves. It contains no mention of Scott, or indeed of any one else, as indorser of the consolidated note; and no attempt to show by any possible construction an intention to indemnify Scott or any other person who shall indorse the consolidated note is expressed in the writing. That intention is sought to be shown by allegations aliunde the writing, and it is insisted, as we understand the argument of counsel, that if it were the intention of the obligors to bind themselves by the writing to indemnify Scott, and he acted upon the faith that the writing bound them, they should be held to be bound by it, although no such intention can be gathered from the writing.

The intention of the parties is certainly a governing principle in the law of contracts. But that intention must be gathered from the written memorial when the contract is in writing. The writing shows that the obligors intended to bind themselves to indorse Price's note in the contingency mentioned. But this is not enough to maintain this action. It must appear expressly or by fair and reasonable inference from the language of the writing that they intended to become bound to Scott; and no such intention being expressed in or fairly inferable from the writing, it can only be shown by evidence, in violation of the rule that a writing can not be enlarged by parol evidence. It would be as much a violation of that rule to prove by parol evidence who was intended to be the obligee as to prove what the obligors intended to bind themselves to do. If they had undertaken, in terms, to indemnify any one who should become bound as surety on Price's note, and Scott acting on the faith of such undertaking had become surety, that fact could have been proved by parol, because such evidence would neither enlarge nor vary the writing.

We are, therefore, of the opinion that the demurrer was properly sustained and the judgment is *affirmed*.

*G. W. Craddock, Frank Chinn, for appellant.*

*William Lindsay, for appellee.*